# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TOBIAS, | Case No. 1:15-cv-00574-SAB |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITHOUT LEAVE TO AMEND |
| v. | |
| KAYLA BODINE, | |
| Defendants. | |

On April 15, 2015, Plaintiff James Tobias ("Plaintiff") filed the complaint in this action. (ECF No. 1.) The Complaint names Kayla Bodine as defendant ("Defendant").

Plaintiff has consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF No. 3.) For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims and that Plaintiff's complaint should be dismissed, without leave to amend.

**I.**

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

1   that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
2   1915(e)(2)(B).

3        A complaint must contain "a short and plain statement of the claim showing that the
4   pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
5   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
7   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
8   that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
9   Williams, 297 F.3d 930, 934 (9th Cir. 2002).

10        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
11   liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
12   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
13   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
14   that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
15   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
16   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
17   liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
18   F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

21        Plaintiff alleges that in October 2013, Defendant Kayla Bodine cashed a settlement check
22   that was written in Plaintiff's name without Plaintiff's authorization.  Plaintiff alleges that the
23   settlement check was "left by [Plaintiff's] father, Andrew Tobias."  Plaintiff's sister, Blanca
24   Tobias, wrote to Plaintiff about the check and Plaintiff told his sister to give the check to
25   Defendant Bodine, who was Plaintiff's girlfriend at the time.  Defendant Bodine then cashed the
26   check for herself instead of sending it to Plaintiff.

27        Plaintiff contends that Defendant Bodine's actions violated Plaintiff's rights guaranteed
28   by the Cruel and Unusual Punishments Clause of the Eighth Amendment.

## III.

## DISCUSSION

### A. Plaintiff's Claims

Plaintiff attempts to assert a claim under 42 U.S.C § 1983 for the violation of his Eighth Amendment rights. Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

As an initial matter, Plaintiff fails to allege facts that plausibly support the conclusion that Defendant Kayla was "acting under color of state law." "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State ... or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Id. (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982)).

Even if Plaintiff's allegations are accepted as true, it is clear that Defendant Kayla was not acting under color of state law. Plaintiff ambiguously alleged that Defendant Kayla may be an employee of the Kerman Unified School District.[1] Even if true, Defendant Kayla's actions bears no relationship to her employment by the state. Plaintiff has alleged a purely private matter regarding Defendant Kayla's actions taken in her personal capacity. Accordingly, Plaintiff fails to state a valid claim under Section 1983.

Moreover, Plaintiff fails to state a valid claim for the violation of his rights under the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth

---

[1] The complaint alleges "I [Plaintiff] only know her [Defendant] mother's first name (Denise) but she works for the Kerman Unified School Dist." (Compl., at pg. 3.) The use of the ambiguous pronoun ("she") makes it unclear whether Plaintiff is referring to Defendant Kayla or Defendant Kayla's mother.

Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' " and (2) "the prison official 'acted with deliberate indifference in doing so.' " Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

Plaintiff's Eighth Amendment claim fails because the events described in Plaintiff's complaint have no relationship with Plaintiff's imprisonment or conviction. Accordingly, the events described in Plaintiff's complaint do not constitute "punishment" within the meaning of the Eighth Amendment. Even if the allegations are accepted as true, Plaintiff was defrauded by someone outside the prison. Defendant Kayla was not a prison official. Accordingly, Plaintiff has not alleged conduct that falls within the Eighth Amendment.

**B.    Leave to Amend**

"Generally, Rule 15 advises the court that 'leave [to amend the complaint] shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The factors the Court should consider in deciding whether to grant leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. Id. at 1052.

The Court finds that any further leave to amend would be futile. Plaintiff's complaint clearly alleges facts which do not fall within the scope of the Eighth Amendment. At most, Plaintiff may be able to state a claim under state law arising from Defendant Kayla's conduct. However, to the extent that Plaintiff changes the legal basis for his claim to a tort arising under state law, the Court would no longer have jurisdiction over this action.

/ / /

/ / /

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court further finds that leave to amend should be denied because further leave to amend would be futile.

Accordingly, it is HEREBY ORDERED that Plaintiff's complaint is DISMISSED, with prejudice.

IT IS SO ORDERED.

Dated: __**April 17, 2015**__

UNITED STATES MAGISTRATE JUDGE